JOHNSON, J.,
concurs in part, dissents in part, and assigns reasons.
11 While I agree with the majority’s finding that the medical review panel opinion in this matter is not subject to mandatory admission under La. R.S. 40:1299.47(H) because it does not constitute an expert opinion as defined by La. R.S. 40:1299.47(G), I respectfully dissent from the finding that any error in its admission was harmless. In my view, the erroneous admission of the opinion of the medical review panel tainted the integrity of the jury verdict, and was not harmless error. I would affirm the court of appeal, finding the appellate court correctly conduced a de novo review of the evidence, reversed the jury verdict and awarded damages.
As the majority acknowledges, the standard of care was not in dispute in this case, and the primary issue was whether the alleged acts of negligence occurred. The medical review panel opined the evi *1238 dence did not support the conclusion that defendant failed to comply with the appropriate standard for care. However, as evidenced in the panel’s written reasons, the panel reached this opinion by resolving material issues of fact that did not require an expert opinion. Specifically, the panel 12addressed whether the Plaintiffs’ version of events was credible. The majority further acknowledges that by answering this question of material fact, the panel super-ceded its statutory authority pursuant to La. R.S. 40:1299.47(G). As correctly explained by the majority:
Thus, while seemingly complying with the statutory mandate of La.Rev.Stat. § 40:1299.47(G)(2) by finding “the evidence does not support the conclusion that the defendant ... failed to comply with the appropriate standard of care,” the opinion rendered in this matter nevertheless does not conform to any of the statutory definitions because it is not based on the applicable medical standard or the panel’s medical expertise, but rather, on its impermissible credibility determinations. It logically follows, therefore, the opinion rendered in this matter does not constitute an expert opinion as contemplated in the statutory scheme and, consequently, is neither subject nor entitled to the mandatory admission requirement for expert opinions set forth in La.Rev.Stat. § 40:1299.47(H). Moreover, to the extent the panel’s opinion exceeded its statutory authority and sought to resolve a material issue of fact explicitly reserved to the jury, we find the opinion is inadmissable.
However, while concluding the medical review panel opinion is inadmissible, the majority finds its admission was harmless error because the “offending credibility language” was redacted, and the remaining opinion was essentially cumulative evidence. Thus, the majority reviewed the jury’s verdict for manifest error.
I disagree. As this Court explained in Evans v. Lungrin, 97-0541 (La.2/6/98), 708 So.2d 731, 735: -
It is well-settled that a court of appeal may not set aside a trial court’s or a jury’s finding of fact in the absence of “manifest error” or unless it is “clearly wrong.” However, where one or more trial court legal errors interdict the fact-finding process, the manifest error standard is no longer applicable, and, if the record is otherwise complete, the appellate court should make its own independent de novo review of the record and determine a preponderance of the evidence. A legal error occurs when a trial court applies incorrect principles of law and such errors are prejudicial. Legal errors are prejudicial when they materially affect the outcome and deprive a party of substantial rights. When such a prejudicial error of law skews the trial court’s finding of a material issue of fact and causes it to pretermit other issues, the appellate court is required, if it can, to render judgment on the record by applying the correct law and determining the essential material facts de novo. (Internal citations removed)
lain my opinion, the error committed by the district court in admitting the panel opinion resulted in legal error which interdicted the fact-finding process to the extent that a de novo review of the record was required. I do not find that the redaction of certain language from the panel opinion cured the error in the admissibility. Despite the redaction, the remainder of the panel opinion still focuses strictly on the underlying factual dispute.
Further, contrary to the majority, I do not find the introduction of the panel opinion to be merely cumulative of other evidence, and therefore harmless. The defendant introduced the panel opinion through the testimony of its expert, Dr. *1239 Lee Leonard, who also served as a member of the medical review panel. Dr. Leonard testified that he served on the medical review panel, and he then proceeded to read the panel’s written reasons to the jury. A copy of the reasons were given to the jury members and admitted into evidence. Dr. Leonard made clear to the jury that some of the panel’s opinion had been redacted. Notably, Dr. Leonard specifically testified that based on the findings of the medical review panel that were read to the jury, it was his opinion that there was no evidence in the breach of the standard of care. The reasons read to the jury emphasize that although plaintiff and her family alleged two incidents occurred, the rehabilitation center emphatically denied that any accident occurred. Further, the reasons emphasize the alleged numerous failures of the plaintiff to report the incidents. Under these circumstances, while perhaps not explicitly stating the panel’s conclusion to the jury, Dr. Leonard’s testimony made clear to the jury that his opinion, as well as that of the panel, was based on factual findings that the plaintiffs’ version of the incidents was not credible, rather than on an expert medical opinion.
In Buckbee v. United Gas Pipe Line Co. Inc., 561 So.2d 76, 85 (La.1990), we stated:
Error has been defined as harmless when it is “trivial, formal, merely academic, and not prejudicial to the substantial rights of the party assigning it, and where it in no way affects the final outcome of the case.” By contrast, prejudicial error “affects the final result of the case and works adversely to a substantial right of the party assigning it.” Moreover, error is prejudicial when it consists of the exclusion of evidence related to a “material point in issue” and adversely affects the substantial rights of the party opposed to the exclusion.
The redacted opinion as presented by Dr. Leonard unfairly suggested to the jury that the panel concluded the plaintiffs lied about the incidents. Such a factual determination should not have been the subject of an expert medical opinion. Thus, I find that the erroneous introduction into evidence of the medical review panel opinion was not harmless error, but was decidedly prejudicial to the plaintiffs’ case, and I find the de novo review by the court of appeal was warranted.